UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox,    #75206,<br><br>           Petitioner,<br><br>vs.<br><br>~~Jon E. Ozmint~~,<br>Wayne C. McCabe, *Warden of Lieber Correctional Institution*,<br><br>           Respondent. | C/A No. 3:11-3113-TMC-JRM<br><br><br>**Report and Recommendation** |

## *Background of this Case*

Petitioner is an inmate at the Lieber Correctional Institution. He is currently serving a life sentence for kidnapping. His conviction for kidnapping was entered in the Court of General Sessions for Spartanburg County in April of 2007.

The Section 2254 Petition in the above-captioned case, however, concerns prior convictions for assault and battery with intent to kill (ABWIK) and possession of contraband by a prisoner. Those convictions were entered in the Court of General Sessions for Greenville County on August 3, 2007. Petitioner states that his convictions were affirmed on direct appeal, he filed an application for post-conviction relief, but he did not appeal the denial of post-conviction relief.

The above-captioned case is the second habeas corpus action brought by Petitioner concerning his conviction for assault and battery with intent to kill and his conviction for possession of contraband by a prisoner. In *Paul Leslie Cox v. Ozmint*, Civil Action No. 3:04-23299-HFF-JRM,

Petitioner brought a Section 2254 habeas corpus action on December 17, 2004. The Petition in Civil Action No. 3:04-23299-HFF-JRM reveals that the two convictions arose out of Petitioner's use of a homemade "shank" to stab a correctional officer (Officer Peeks) at the Perry Correctional Institution on May 10, 1987.

In order filed in Civil Action No. 3:04-23299-HFF-JRM on February 17, 2005, and on September 28, 2005, the undersigned directed Petitioner to answer Special Interrogatories relating to the disposition of Petitioner's post-conviction case, Case No. 2003-CP-23-04858, which was referenced in the Petitioner's Exhibits to the Petition in Civil Action No. 3:04-23299-HFF-JRM. Petitioner failed to respond to the order of September 28, 2005. On November 21, 2005, the Honorable Henry F. Floyd, (then) United States District Judge, dismissed the case *without prejudice*. No appeal was filed in Civil Action No. 3:04-23299-HFF-JRM.

Petitioner, in his answer to Question 17 of the Section 2254 Petition filed in Civil Action No. 3:04-23299-HFF-JRM, indicated that he would have to serve his sentence for the kidnapping conviction entered in Spartanburg County on April 19, 2007, *after* he completed his sentences for his Greenville County convictions for ABWIK and possession of contraband. *See* ECF No. 1 in Civil Action No. 3:04-23299-HFF-JRM, at page 6.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition and the Form AO 240 (Motion for Leave to Proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective

Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Section 2254 Petition in the above-captioned case is subject to summary dismissal because Petitioner is no longer "in custody" on his convictions for ABWIK and possession of contraband. Petitioner is now serving the life sentence for his kidnapping conviction entered in the Court of General Sessions for Spartanburg County on April 19, 2007. In fact, Petitioner has filed two habeas corpus actions relating to his kidnapping conviction. *See* Section 2254 Petition in *Paul*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Leslie Cox v. Ozmint*, Civil Action No. 3:10-3239-HFF-JRM,[2] and Section 2254 Petition in *Paul Leslie Cox v. McCabe*, Civil Action No. 3:11-3034-TMC-JRM.[3]

This Court may take judicial notice of *Paul Leslie Cox v. Ozmint*, Civil Action No. 3:10-3239-HFF-JRM, and Section 2254 Petition in *Paul Leslie Cox v. McCabe*, Civil Action No. 3:11-3034-TMC-JRM. *See, e.g.*, *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

---

[2] In *Paul Leslie Cox v. Jon Ozmint*, Civil Action No. 3:10-3239-HFF-JRM, Petitioner brought a habeas corpus action to challenge his conviction for kidnapping entered in the Court of General Sessions for Spartanburg County. In an order filed in Civil Action No. 3:10-3239-HFF-JRM on January 21, 2011, the undersigned gave Petitioner twenty-one (21) days to show cause why the Petition should not be summarily dismissed as untimely. Petitioner responded to the Order, but did not address the issue of timeliness. Instead, Petitioner sought a writ of mandamus and an evidentiary hearing (ECF No. 9 in Civil Action No. 3:10-3239-HFF-JRM).

In a Report and Recommendation filed in Civil Action No. 3:10-3239-HFF-JRM on March 17, 2011, the undersigned recommended that the Petition be dismissed as untimely. Petitioner was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On April 11, 2011, the Honorable Henry F. Floyd, (then) United States District Judge, adopted the Report and Recommendation, dismissed the case *with prejudice*, and denied a Certificate of Appealability. No appeal was filed in Civil Action No. 3:10-3239-HFF-JRM.

[3] In an order filed in Civil Action No. 3:11-3034-TMC-JRM on November 10, 2011, the undersigned directed Petitioner to bring the case into "proper form" by submitting a Motion for Leave to Proceed *in forma pauperis* or by paying the five-dollar ($5) filing fee.

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); and *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. Vallee*, 391 U.S. at 238; *see also Garlotte v. Fordice*, 515 U. S. 39 (1995). Petitioner is currently in custody on his kidnapping conviction (entered in Spartanburg County), but not on his Greenville County convictions for ABWIK and possession of contraband.

At the time Civil Action No. 3:04-23299-HFF-JRM was filed, only certain counties in South Carolina had on-line court records. Court records for all counties in South Carolina are available on-line via a link on the South Carolina Judicial Department website (www.judicial.state.sc.us).

The Public Index for the Greenville County Clerk of Court website (http://www.greenvillecounty.org/scjd/publicindex/SCJDPublicIndex23/PICaseDetails.aspx?County=23+&Casenum=03CP2304858&CourtType=G&CaseType=Civil&CourtAgency=23002&LastName=Cox&FirstName=Paul, last visited on Nov. 23, 2011) indicates that Petitioner filed his application for post-conviction relief in Case No. 2003-CP-23-04858 on July 18, 2003, and that the case was dismissed on September 17, 2004. As earlier stated, Petitioner indicates that no appeal was filed in the post-conviction case.

A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011); *see also In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases

indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

Although the Petition in the above-captioned case is not successive, *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits),[4] it is not timely. The "delivery" date of the instant Petition is November 9, 2011, which is the date of Petitioner's signature and the date of the prison mailroom stamp. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court).

Even allowing for the period to file a timely appeal in the post-conviction case before the judgment in the case became final, Petitioner has more than seven (7) years of untolled time.[5] This aggregate time period exceeds the one-year statute of limitations established by the AEDPA's amendments to Title 28. 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002);[6] *see also Day v. McDonough*, 547 U.S. 198 (2006). *Cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989)

---

[4] Civil Action No. 3:04-23299-HFF-JRM was dismissed *without prejudice*.

[5] The filing of a federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254. *Duncan v. Walker*, 533 U.S. 167 (2001). Hence, the filing of Civil Action No. 3:04-23299-HFF-JRM by Petitioner did not toll the limitations for the above-captioned case.

[6] Petitioner's ability to file timely written objections to this Report and Recommendation constitutes Petitioner's opportunity to object to a dismissal of this petition based on the statute of limitations. *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but a petitioner must be given warning and opportunity to explain before dismissal). *Cf. Bilal v. North Carolina*, No. 06-6677, 287 Fed.Appx. 241, 2008 U.S. App. LEXIS 15458, 2008 WL 2787702 (4th Cir. July 18, 2008).

(civil rights case: "A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

### *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *with prejudice and without requiring Respondent to file an Answer or return*. It is also recommended that the District Court deny a Certificate of Appealability. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Petitioner's attention is directed to the important notice on the next page.

December 8, 2011                             Joseph R. McCrorey
Columbia, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).