IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Paul Leslie Cox,   #75206,                    )
                                              )          C/A No. 3:11-3113-TMC
                          Petitioner,         )
                                              )
        v.                                    )          **OPINION & ORDER**
                                              )
Wayne C. McCabe, Warden of Lieber             )
Correctional Institution,                     )
                                              )
                          Respondent.         )
_____)

        Petitioner, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 on November 22, 2011.  (Dkt. # 1).[1] Petitioner is an inmate at the

Lieber Correctional Institution of the South Carolina Department of Corrections serving a life

sentence for kidnapping imposed in April 2007.  However, the instant § 2254 Petition raises issues

regarding Petitioner's subsequent   convictions for assault and battery with intent to kill

("ABWIK") and possession of contraband by a prisoner which were imposed on August 4, 1987.

        In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial

proceedings were referred to a Magistrate Judge.  On December 8, 2011, Magistrate Judge Joseph

R. McCrorey issued a Report and Recommendation ("Report") recommending that the Petition be

dismissed with prejudice and without requiring Respondent to file an Answer or return.  The

Report also recommended that the District Court deny Petitioner a Certificate of Appealability.

(Dkt. # 8).  The Magistrate Judge provided Petitioner a notice advising him of his right to file

objections to the Report. (Dkt. # 8 at 8).  Petitioner filed objections to the Magistrate Judge's

Report on December 20, 2011.  (Dkt. # 10).

---

[1] The above-captioned case is the second habeas corpus action brought by Petitioner concerning his
convictions for ABWIK and possession of contraband. *Paul Leslie Cox v. Ozmint*, Civil Action
No. 3:04-23299-HFF-JRM. However, United States District Judge Henry F. Floyd dismissed that
action without prejudice.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir.1998). The AEDPA imposes a one-year limitations period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs

from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court
and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Additionally, "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

2244(d)(2).   In rare circumstances, the one-year limitations period may be equitably tolled, but

"only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, ---

U.S. ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005)).

## Discussion

The Magistrate Judge found the Petition untimely and recommended that the Petition be

dismissed with prejudice and without requiring Respondent to file an Answer or return. (Report at

5-8).[2]  See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts:  "If it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In his objections, Petitioner states that the twenty-year consecutive sentence he received on

August 4, 1987, has not been served yet and he has to finish serving a prior life sentence before he

can begin serving his twenty-year sentence.  Petitioner appears to be arguing that he cannot file for

---

[2]The court notes that the Magistrate Judge states that Petitioner was sentenced to twenty years in
August  2007 for ABWIK and possession of contraband and to life in April 2007 for kidnapping.
These appear to be a scrivener's error as both of these sentences were imposed in 1987, not 2007.

habeas relief until he begins serving the consecutive twenty-year sentence. While Petitioner may not have begun serving his consecutive twenty-year sentence, for purposes of the custody requirement for habeas review, he is deemed to be in custody under both sentences. *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (prisoner serving consecutive sentences is in custody under any one of them for purposes of habeas review); *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) (consecutive sentences are viewed in the aggregate for purposes of "in custody" requirement); *Bernard v. Garaghty*, 934 F.2d 52, 54 (4th Cir.1991) (same).[3]

In his Petition, Petitioner states that he filed a direct appeal regarding the ABWIK and contraband convictions and his convictions were affirmed. Petitioner then filed a post-conviction relief action in state court on July 18, 2003, and the action was dismissed on September 17, 2004. Petitioner states he did not appeal. Petitioner filed this action on November 9, 2011, over seven years later. Even assuming Petitioner's time to file was tolled during the pendency of his state proceedings, clearly Petitioner's habeas petition is more than seven (7) years too late. Furthermore, Petitioner has not alleged he is entitled to the application of statutory or equitable tolling. Accordingly, the court agrees with the Magistrate Judge that this petition is untimely.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Petition is **DISMISSED** with prejudice and without requiring Respondent to file an Answer or return.

Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

---

[3]The Magistrate Judge also incorrectly notes that Petitioner is not "in custody" under the twenty-year sentence. (Report at 5). While Petitioner is not currently serving his twenty-year sentence, as stated herein, he is in custody for habeas purposes. This statement, however, does not impact the Magistrate Judge's analysis regarding the untimeliness of the Petitioner's petition.

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 10, 2012
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.